

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Robert Balin**
212.489.8230 tel
212.489.8340 fax
RobBalin@dwt.com

October 19, 2020

**VIA ECF**
Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 21A
500 Pearl Street
New York, NY 10007-1312

    Re:    <u>*DeIuliis v. Engel, et al.*, No. 20-cv-03252-NRB</u>

Dear Judge Buchwald:

    We represent Defendant Jordan Engel (individually and d/b/a The Decolonial Atlas) in the above-referenced action.  Pursuant to § 2.E of Your Honor's Individual Practices, we write to set forth the bases for Mr. Engel's motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), which is being filed concurrently with this letter.

    This libel action is a transparent attempt by Plaintiff Nicholas DeIuliis, an energy executive in Pittsburgh, to "greenwash" his reputation by silencing media reporting about his environmental record.  In April 2019, Engel published an article on his website — The Decolonial Atlas — titled, "Names and Locations of the Top 100 People Killing the Planet" (the "Article").  Citing data from a British study that tracked air pollution during the period 1988-2015, the Article stated that, "[j]ust 100 companies are responsible for more than 70% of the world's greenhouse gas emissions since 1988."  The *only* mention of Plaintiff in the Article was in an illustrative cartogram identifying him as the head of CONSOL Energy, Inc. ("CONSOL"), alongside 99 other executives from the top-polluting oil, coal, and gas companies.  The Article further stated that, "[t]he key decision-makers at these companies have the privilege of relative anonymity, and with this map, we're trying to pull back that veil and call them out.  These guys should feel the same personal responsibility for saving the planet that we all feel."  Engel published an update in September 2019, reporting that 14 of the companies featured on the list had changed CEOs, including CONSOL, whose new chief executive was accurately identified as James A. Brock.  The original cartogram identifying Plaintiff was left unchanged.

    In his Amended Complaint, Plaintiff *admits* that he was the President and CEO of CONSOL during the period described in the Article, and he does not dispute (nor could he) that under his leadership, the company was among the top-100 carbon polluters in the world.  Instead, Plaintiff's entire theory of liability is that he was "falsely and incorrectly identified," because his company was no longer called CONSOL when the Article was published in 2019.  As alleged in the Amended Complaint, CONSOL split into two different entities in November 2017:  a coal company called CONSOL and a natural gas company called CNX Resources Corp. ("CNX").  Since that split, Plaintiff has led CNX, not CONSOL.  In other words, even though Plaintiff

Anchorage  New York    Seattle
Bellevue   Portland    Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

October 19, 2020
Page 2

admits that he *remains* President and CEO of the company "formerly named CONSOL Energy Inc.," First Amended Complaint ("Am. Compl.") ¶ 22, he contends that it was somehow defamatory to associate him with CONSOL.

Plaintiff's baseless claims are squarely precluded by the First Amendment, which guarantees freedom of the press and protects clear statements of opinion, particularly on matters of public concern. *See Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986). Where, as here, a wealthy plaintiff tries to silence media criticism by commencing a meritless libel suit, it offends First Amendment values and threatens to deter others from holding the rich and powerful to account. *See, e.g.*, *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) (recognizing the "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open"). In keeping with this "profound national commitment," it is imperative that such claims be dismissed expeditiously to prevent a chilling of protected expression that is critical to the functioning of our democratic society. *See McMillan v. Togus Reg'l Office, Dep't of Veterans Affairs*, 294 F. Supp. 2d 305, 319 (E.D.N.Y. 2003) ("The Supreme Court has recognized the potential chilling effect of a baseless lawsuit on the exercise of a defendant's First Amendment rights.") (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340–41(1974)), *aff'd*, 120 F. App'x 849 (2d Cir. 2005); *Biro v. Condé Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013) ( In "defamation cases, Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive."), *aff'd*, 807 F.3d 541 (2d Cir. 2015).

The Amended Complaint plainly fails to state a defamation claim. Labeling Plaintiff one of the "top-100 People Killing the Planet" is precisely the kind of "rhetorical hyperbole," and "lusty and imaginative expression of []contempt," that the Supreme Court has recognized as quintessential, nonactionable opinion. *Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 294–86 (1974). Since Plaintiff cannot seriously dispute this, he contends that it was "false" to associate him with CONSOL. This argument must be rejected because it is refuted by Plaintiff's own admission in his Amended Complaint that, since 2011, he has been President of the company formerly called CONSOL – and CEO since 2014. Am. Compl. ¶ 22. Because the data described in the Article relates directly to the period when Plaintiff was admittedly the head of CONSOL, the statement is *substantially true*, and thus nonactionable as a matter of law. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516–17 (1991) ("The common law of libel … overlooks minor inaccuracies and concentrates upon substantial truth."); *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301 (2d Cir. 1986) ("truth is an absolute, unqualified defense to a civil defamation action, and substantial truth suffices to defeat a charge of libel.") (internal citation and quotation marks omitted). Moreover, to the extent that Plaintiff tries to plead around the substantial truth of the Article by suggesting that it gives rise to claim for defamation by implication, that theory is baseless too because he has not come close to alleging any facts that could give rise to a plausible inference of defamatory implications, much less the "rigorous showing" that is required.

October 19, 2020
Page 3

      Finally, Plaintiff's attempt to recast his defective defamation claim as one for "invasion of privacy/false light" also fails because no such tort is recognized under applicable New York law.  In the alternative, even if the Court finds that Pennsylvania law applies, Plaintiff's false light claim must still be dismissed because it is impermissibly duplicative of Plaintiff's defamation claim, and because the Amended Complaint fails to allege actual malice.

      Since Plaintiff's claims fail as a matter of law, the Amended Complaint should be dismissed with prejudice.

                                    Respectfully submitted,

                                By:   */s/ Robert D. Balin*
                                         Robert D. Balin

Cc:    All Counsel of Record (via ECF)