UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS J. DEIULIIS,

        Plaintiff,

-against-

JORDAN ENGEL, *et al.*,

        Defendants.

---

Case No. 20-cv-03252-NRB

**ORAL ARGUMENT REQUESTED**

# MEMORANDUM IN SUPPORT OF DEFENDANTS GOOD WORLDWIDE, INC. AND LEO SHVEDSKY'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

Page

I. Factual background ................................................................................................... 1

II. Argument ................................................................................................................... 2

    A. GWI and Shvedsky incorporate by reference the arguments in the Engel Memorandum, which support dismissal of Plaintiff's defamation and false light claims against GWI and Shvedsky ................................................................ 2

    B. The claims for defamation and defamation per se should be dismissed because Plaintiff failed to plead the requisite degree of fault ................................ 5

    C. The claim for defamation per se also fails because Plaintiff has not pled any statement that constitutes defamation per se .................................................... 9

III. Conclusion ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anyanwu v. Columbia Broad. Sys., Inc.*,
   887 F. Supp. 690 (S.D.N.Y. 1995) ............................................................................................ 4

*Berwick v. New World Network Int'l, Ltd.*,
   2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ............................................................................. 4

*Biro v. Conde Nast*,
   807 F.3d 541 (2d Cir. 2015) .................................................................................................. 5, 7

*Biro v. Conde Nast*,
   963 F. Supp. 2d 255 (S.D.N.Y. 2013) ....................................................................................... 6

*Cabello-Rondón v. Dow Jones & Company, Inc.*,
   2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017) ....................................................................... 7, 8

*Celle v. Filipino Reporter Enterprises Inc.*,
   209 F.3d 163 (2d Cir. 2000) ...................................................................................................... 5

*Clardy v. Cowles Pub. Co.*,
   912 P.2d 1078 (Wa. Ct. Appeals 1996) ..................................................................................... 7

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ............................................................................................................. 5, 8

*Graboff v. Colleran Firm*,
   744 F.3d 128 (3d Cir. 2014) ...................................................................................................... 5

*Guccione v. Hustler Magazine, Inc.*,
   800 F.2d 298 (2d Cir. 1986) ...................................................................................................... 2

*Harkonen v. Fleming*,
   880 F. Supp. 2d 1071 (N.D. Cal. 2012) ..................................................................................... 7

*Herbert v. Lando*,
   596 F. Supp. 1178 (S.D.N.Y. 1984) .......................................................................................... 6

*Joseph v. Scranton Times L.P.*,
   634 Pa. 35 (2015) ....................................................................................................................... 5

*Kalimantano GmbH v. Motion in Time, Inc.*,
   939 F. Supp. 2d 392 (S.D.N.Y. 2013) ....................................................................................... 9

*Kipper v. NYP Holdings Co., Inc.*,
    912 N.E.2d 26 (N.Y. Ct. App. 2009) ...................................................................................6

*Marcone v. Penthouse Intern. Magazine For Men*,
    754 F.2d 1072 (3d Cir. 1985) ..............................................................................................7

*Masson v. New Yorker Magazine, Inc.*,
    501 U.S. 496 (1991) ............................................................................................................3

*McCafferty v. Newsweek Media Group, Ltd.*,
    955 F.3d 352 (3d Cir. 2020) ................................................................................................7

*Milkovich v. Lorain Journal Co.*,
    497 U.S. 1 (1990) ................................................................................................................3

*Pace v. Baker-White*,
    432 F. Supp. 3d 495 (E.D. Pa. 2020) ..................................................................................7

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
    813 F. Supp. 2d 489 (S.D.N.Y. 2011) ...............................................................................10

*Reuber v. Food Chem. News, Inc.*,
    925 F.2d 703 (4th Cir. 1991) ..............................................................................................6

*Rufah v. Schwartz*,
    858 N.Y.S.2d 194 (N.Y. App. Div. 2d Dep't 2008) ..........................................................10

*Southall v. Little Rock Newspapers, Inc.*,
    964 S.W.2d 187 (Ark. 1998) ...............................................................................................7

*St. Amant v. Thompson*,
    390 U.S. 727 (1968) ............................................................................................................8

*Stepanov v. Dow Jones & Co.*,
    120 A.D.3d 28 (1st Dep't 2014) .........................................................................................4

*Stern v. Cosby*,
    645 F. Supp. 2d 258 (S.D.N.Y. 2009) .................................................................................8

*Synygy, Inc. v. Scott-Levin, Inc.*,
    51 F. Supp. 2d 570 (E.D. Pa. 1999) ....................................................................................9

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
    864 F.3d 236 (2d Cir. 2017) ................................................................................................3

*Torain v. Lieu*,
    279 F. Appx. 46 (2d Cir. 2008) ...........................................................................................3

*Van-Go Transp. Co., Inc. v. N.Y.C. Bd. of Educ.*,
   971 F. Supp. 90 (E.D.N.Y.1997) ...........................................................................................9

*Weinstein v. Friedman*,
   1996 WL 137313 (S.D.N.Y. March 26, 1996) ......................................................................5

*Zysk v. Fidelity Title Ins. Co. of New York*,
   790 N.Y.S.2d 135 (N.Y. App. Div. 2d Dep't 2005) ............................................................10

**Other Authorities**

Federal Rule of Civil Procedure 8 ......................................................................................................7

Federal Rule of Civil Procedure 12(b)(6) .........................................................................................1

The First Amended Complaint (ECF No. 45, the "FAC") filed by plaintiff Nicholas DeIuliis ("Plaintiff") fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and should be dismissed. Defendants Good Worldwide, Inc. ("GWI") and Leo Shvedsky join the Memorandum of Law of co-defendant Jordan Engel in support of his motion to dismiss (ECF No. 51, the "Engel Memorandum"). Engel correctly argues that Plaintiff's defamation claims fail based on the doctrines of opinion and substantial truth, and Plaintiff's false light claim fails as well. These arguments apply equally to GWI and Shvedsky.

Moreover, the defamation claims fail because Plaintiff has not pled the requisite degree of fault (in this case, actual malice because Plaintiff is a public figure). And the defamation *per se* claim also fails because Plaintiff has failed to allege a statement that falls within the scope of defamation *per se*.

For the foregoing reasons, as set forth in the Engel Memorandum and below, the FAC should be dismissed.

**I.    Factual background**

GWI and Shvedsky do not repeat the relevant background of this case in full but rather adopt by reference the background set forth in the Engel Memorandum and supplement here as needed. *See* Engel Memorandum, pp. 4-9. After Engel published an online map that identified Plaintiff as one of the "Top 100 People Killing the Planet," Shvedsky wrote an article published on GWI's Web site on April 30, 2019, that was titled "These are the names and locations of the Top 100 people who are killing the planet." FAC ¶ 80. The article referenced the map created by Engel, FAC ¶ 81, and stated, "After all, even if we're making responsible decisions on the local level, we're ultimately still going to be left with a broken planet if the decision makers in positions of power at major corporations and government continue to freely pollute and cause irreparable

harm to our wildlife and ecosystems." FAC ¶ 83.  The article also had a sub-head that said, "Stop blaming your neighbors.  Real accountability starts up top." FAC ¶ 84.

Based on that article, Plaintiff has asserted claims against GWI and Shvedsky for defamation *per se*, defamation, and false light invasion of privacy.  FAC ¶¶ 167-222.  Plaintiff's defamation claims are based on three alleged statements by GWI and Shvedsky: (1) that Plaintiff is "the CEO or leader of 'Consol Energy' in 'Pittsburgh'" (FAC ¶¶ 170, 194), (2) that Plaintiff is one of the "Top 100 People Killing the Planet" (FAC ¶¶ 172, 196), and (3) that Plaintiff is a person who "freely pollute[s] and cause[s] irreparable harm to our wildlife and ecosystems." (FAC ¶¶ 174, 198).

## II.     Argument

### A.    GWI and Shvedsky incorporate by reference the arguments in the Engel Memorandum, which support dismissal of Plaintiff's defamation and false light claims against GWI and Shvedsky.

The alleged statements by GWI and Shvedsky that Plaintiff is "the CEO or leader of 'Consol Energy' in 'Pittsburgh'" (FAC ¶¶ 170, 194) and that Plaintiff is one of the "Top 100 People Killing the Planet" (FAC ¶¶ 172, 196) are identical to statements that Plaintiff has attributed to Engel.  *See* Engel Memorandum, p. 6 (citing FAC, Exh. 1).  The third challenged statement attributed to GWI and Shvedsky, that Plaintiff is a person who "freely pollute[s] and cause[s] irreparable harm to our wildlife and ecosystems" (FAC ¶¶ 174, 198), aligns with the theme (or gist) of Engel's article, which states that Plaintiff and others referenced in the map "have gotten rich on the backs of literally all life on Earth" and that "[t]heir business model relies on the destruction of the only home humanity has ever known." (FAC, Exh. 1).

The substantial truth and opinion arguments raised by Engel apply equally to GWI and Shvedsky.  The statement that Plaintiff is the CEO of Consol Energy is substantially true.  *See* Engel Memorandum, pp. 16-21*; see also Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301

(2d Cir. 1986) ("[T]ruth is an absolute, unqualified defense to a civil defamation action, and substantial truth suffices to defeat a charge of libel.");[1] *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991) ("Minor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the libelous charge be justified.'"). "When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 2442-43 (2d Cir. 2017). Given that Plaintiff admits to being President and CEO of Consol when the Carbon Majors Report was released and was a senior executive at Consol for most of the period covered by the report (Engel Memorandum, pp. 5-6), the statement is substantially true and is not a basis for a defamation claim.

The statements that Plaintiff is one of the top 100 people killing the planet and that he "freely pollutes" are hyperbole protected as opinion and do not give rise to a claim for defamation. *See* Engel Memorandum, pp. 12-16. "[A] statement on matters of public concern must be provable as false before there can be liability under state defamation law, at least in situations, like the present, where a media defendant is involved." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990). This "ensures that a statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection" and "provides assurance that the public debate will not suffer for lack of imaginative expression or the rhetorical hyperbole which has traditionally added much to the discourse of our Nation." *Id.* at 20 (internal citations and quotation marks omitted). The relevant inquiry is whether "a reasonable listener is likely to have understood the statements as conveying provable facts about the plaintiff." *Torain v. Lieu*, 279 F. Appx. 46, 46 (2d Cir. 2008). The statements at issue here, as

---

[1] GWI and Shvedsky cite only New York law here, but as set forth in the Engel Memorandum, Pennsylvania law is in accord. *See* Engel Memorandum, pp. 10-11.

3

explained more fully in the Engel Memorandum, *see* pp. 12-16, are clearly opinion that no reasonable reader would understand as statements conveying provable facts.  Accordingly, they are not defamatory.

Plaintiff also has failed to plead a claim for defamation by implication.  *See* Engel Memorandum, pp. 22-23.  "To survive a motion to dismiss a claim for defamation by implication where the factual statements at issue are substantially true, the plaintiff must make a rigorous showing that the language of the communication as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference."  *Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 37-38 (1st Dep't 2014).  The lone "implication" alleged by Plaintiff — that any company he leads "must be environmental unfriendly and/or a coal industry participant" (FAC ¶¶ 110, 133, 149, 166) — is facially inadequate to meet this standard because simply reframing a claim as one for defamation by implication does not overcome the First Amendment prohibition against imposing liability for expressions of opinion on matters of public concern.  *See* Engel Memorandum, p. 23.  Accordingly, the defamation claims against GWI and Shvedsky should be dismissed.

Moreover, Count VII of the FAC for invasion of privacy/false light against all Defendants fails for the reasons set forth in full in the Engel Memorandum.  *See* pp. 23-25.  The fact that the false light claim is duplicative of the defamation claims is, in and of itself, a basis for dismissal under New York law.  *See Anyanwu v. Columbia Broad. Sys., Inc.*, 887 F. Supp. 690, 693–94 (S.D.N.Y. 1995) ("When additional tort claims are aimed at controlling the same speech that is the basis of a libel claim, courts should not entertain the additional claims under less stringent standards.").

But the false light claim also fails for additional reasons under either New York or Pennsylvania law.  If New York law applies, there is no viable claim for false light.  *See Berwick*

4

*v. New World Network Int'l, Ltd.*, 2007 WL 949767, *6 (S.D.N.Y. Mar. 28, 2007) ("New York does not recognize as a tort 'false light' invasion of privacy."); *see also* Engel Memorandum, p. 24. If Pennsylvania law applies, Plaintiff has failed to adequately plead actual malice. *See Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) ("Pennsylvania has adopted the definition of false light invasion of privacy from the Restatement (Second) of Torts, which imposes liability on a person who publishes material that is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity."); *see also* Engel Memorandum, pp. 24-25; *infra* Section II.B. Accordingly, the false light claims against GWI and Shvedsky should be dismissed.

The Court need go no further to determine that the FAC should be dismissed, with prejudice, in its entirety. But there are additional grounds to dismiss.

**B. The claims for defamation and defamation per se should be dismissed because Plaintiff failed to plead the requisite degree of fault**.

In addition to pleading an actionable statement, a defamation count must plead the requisite degree of fault. *See, e.g., Weinstein v. Friedman*, 1996 WL 137313, *10 (S.D.N.Y. March 26, 1996).[2] A public figure must plead actual malice (knowledge of falsity or reckless disregard for the truth). *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 332 (1974). This is true both if the plaintiff is a public figure or a limited purpose public figure. *See Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). "Those who have voluntarily sought and attained influence or prominence in matters of social concern are generally considered public figures." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 176 (2d Cir. 2000). A limited purpose public figure is someone

---

[2] As set forth at Section I.A of the Engel Memorandum, choice of law is not determinative of Plaintiff's defamation claims, thus the Court is free to apply New York law. Regardless, the standard is the same under Pennsylvania law. *See, e.g., Joseph v. Scranton Times L.P.*, 634 Pa. 35, 76 (2015) ("[W]e have acknowledged that defamation includes a requirement the plaintiff prove a constitutionally-mandated minimum level of fault in order for the court to impose liability on a media defendant.").

5

who has "(1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing access to the media." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 270 (S.D.N.Y. 2013).

Plaintiff has alleged that he is the President and CEO of a company that is publicly traded on the New York Stock Exchange. (FAC ¶¶ -65). The FAC describes him as "a leader in the energy industry, which is an industry of longstanding importance to that region's economy." (FAC ¶ 21). Plaintiff also alleges that the transaction in which he led CNX to "divest itself of its coal assets and to cease more than 150 years of prior involvement in the traditional coal industry" was "historic and much-publicized." (FAC ¶ 26). He also alleges that this event was subject to "extensive media coverage." (FAC ¶ 31). Plaintiff further states that he has a reputation as "an innovative and environmentally-responsible leader in the field of clean natural gas energy exploration and production." (FAC ¶ 32).

Based on these allegations, Plaintiff has sought and attained influence in "historic" and "important" matters relating to the energy industry and the economy in his region. Accordingly, he should be considered a public figure for all purposes. *See, e.g., Kipper v. NYP Holdings Co., Inc.*, 912 N.E.2d 26, n. 3 (N.Y. Ct. App. 2009) (holding that plaintiff is public figure based on "extensive media coverage"); *Herbert v. Lando*, 596 F. Supp. 1178, 1186 (S.D.N.Y. 1984) (plaintiff conceded he was a public figure because of his involvement in "much publicized" events). But regardless, he should be considered a limited purpose public figure on issues related to the divestment of coal assets and environmental responsibility, given his role as a "leader" in the industry, the "historic" nature of his work, the "publicity" he has received, and the "extensive media coverage" he has generated. *See, e.g., Reuber v. Food Chem. News, Inc.*, 925 F.2d 703,

708-09 (4th Cir. 1991) (holding scientist employed by firm operated for the National Cancer Institute was limited purpose public figure because he had significant access to media and important sources of public health and scientific communications); *Harkonen v. Fleming*, 880 F. Supp. 2d 1071, 1080 (N.D. Cal. 2012) (holding that CEO of biotechnology company brought action against doctor who wrote article in medical journal and made statements in lectures about press release was a limited purpose public figure); *Southall v. Little Rock Newspapers, Inc.*, 964 S.W.2d 187, 192 (Ark. 1998) (holding that plaintiff was a limited purpose public figure on the subject of environmental issues because he had a prominent role, conducted media interviews on the topic, and spoke publicly on the topic); *Clardy v. Cowles Pub. Co.*, 912 P.2d 1078, 1084 (Wa. Ct. Appeals 1996) (holding that businessman involved in a proposed commercial development was a limited purpose public figure).

Plaintiff should not be able to build a reputation through the media as environmentally responsible businessman and then claim he is not a public figure when he is criticized.[3]

Because Plaintiff is a public figure, he must adequately plead actual malice for his defamation claims to survive, but he has failed to do. "[M]alice must be alleged plausibly in accordance with Rule 8." *Biro*, 807 F.3d at 545. "In the wake of *Iqbal* and *Twombly*, '"adequately pleading actual malice is an onerous task . . . [a]nd it is one that regularly results in early dismissal of an action.'" *Pace v. Baker-White*, 432 F. Supp. 3d 495, 514 (E.D. Pa. 2020). The FAC attempts to plead actual malice by reciting the elements of actual malice, but the FAC does not plausibly allege that GWI or Shvedsky ***knew*** any information in the article was false or acted recklessly with regard to the truth of the information. *See Cabello-Rondón v. Dow Jones & Company, Inc.*, 2017

---

[3] The analysis would be the same under Pennsylvania law. *See Marcone v. Penthouse Intern. Magazine For Men*, 754 F.2d 1072, 1082 (3d Cir. 1985) (discussing public figures, limited purpose public figures, and actual malice under Pennsylvania law); *McCafferty v. Newsweek Media Group, Ltd.*, 955 F.3d 352, 360 (3d Cir. 2020) (upholding dismissal of defamation claim where public figure failed to plead actual malice).

WL 3531551, *7 (S.D.N.Y. Aug. 16, 2017) (granting motion to dismiss where plaintiff failed to plead "either knowledge of falsity or reckless disregard of the truth"); *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) ("[R]eckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.").

Additionally, the FAC makes clear that Shvedsky did not report the underlying facts of this article independently — he was reporting on the map created and published by Engel. (FAC ¶ 81). *See Cabello-Rondón*, 2017 WL 3531551 at *10 m("[R]epublishers are entitled to rely upon the 'research of the original publisher, absent a showing that the republisher "had, or should have had, substantial reasons to question the accuracy of the articles or the bona fides of [the] reporter."'"); *Stern v. Cosby*, 645 F. Supp. 2d 258, 284 (S.D.N.Y. 2009) (holding that publisher had no obligation to fact-check an author's work when the publisher had no subjective doubt as to its accuracy). The FAC does not provide any facts to plausibly suggest that it would be reckless for Shvedsky to rely on Engel's own research and map. Indeed, as pointed out in the Engel Memorandum, the map is substantially true and Plaintiff ***was*** the President and CEO of Consol at the time the Carbon Majors Report was released, which is what Engel relied upon in his reporting. *See* Engel Memorandum, p. 16. Moreover, even if GWI or Shvedsky could have independently investigated Engel's map, "failure to investigate, without more, cannot establish reckless disregard for the truth." *Gertz*, 418 U.S. at 330.

Thus, it is clear on the face of the FAC that Plaintiff is a public figure, and his claims against GWI and Shvedsky should be dismissed because he has failed to adequately allege actual malice.

### C. The claim for defamation per se also fails because Plaintiff has not pled any statement that constitutes defamation per se.

Even if Plaintiff's claim for defamation survives, the claim for defamation *per se* should be dismissed because Plaintiff has failed to adequately plead a claim for defamation *per se*. "Defamation *per se* consists of any one of the following: (1) a statement charging an individual with a serious crime; (2) a statement that tends to injure another in his or her trade, business, or profession; (3) a statement that claims an individual has a 'loathsome disease,' or (4) a statement 'imputing unchastity to a woman.'" *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 419 (S.D.N.Y. 2013).[4] Here, there clearly are no words charging Plaintiff with a serious crime, claiming he has a loathsome disease, or imputing unchastity to a woman, thus Plaintiff's claim can survive only if he can establish that the statements made by GWI and Shvedsky tend to injure him in his trade, business, or profession. This sort of claim "is only available when the defamation is 'of a kind incompatible with the proper conduct of the business, trade, profession, or the office itself.'" *Id.* "Reputational injury to a person's business or to a company consists of a statement that either imputes some form of fraud or misconduct or a general unfitness, incapacity, or inability to perform one's duties." *Van-Go Transp. Co., Inc. v. N.Y.C. Bd. of Educ.*, 971 F. Supp. 90, 98 (E.D.N.Y.1997); *see also Synygy, Inc.*, 51 F. Supp. 2d at 580 ("The statement must be more than mere general disparagement. It must be of the type that would be particularly harmful to an individual engaged in the plaintiff's business or profession. . . . A statement which is simply an expression of a negative opinion is not defamatory.").

In this case, the lone ***factual*** assertion alleged in the FAC — that Plaintiff is an executive of Consol — does not suggest that Plaintiff would be unfit to perform his lawful job or that he

---

[4] The standard in Pennsylvania is the same, where defamation *per se* only exists for "words imputing (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct." *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999).

9

engaged in some form of fraud or misconduct. In fact, it suggests just the opposite, that he has experience leading a large energy company. Indeed, as is pointed out in the Engel Memorandum, the "executive bio" on Plaintiff's corporate Web site describes his history as an executive of Consol, making clear that he does not consider his history to have a negative impact on his professional reputation. *See* Engel Memorandum, p. 4. Courts have found as a matter of law that comparable or even more controversial statements about an individual's work performance are not defamatory *per se*. *See, e.g., Rufah v. Schwartz*, 858 N.Y.S.2d 194, 196 (N.Y. App. Div. 2d Dep't 2008) (affirming grant of motion to dismiss and finding that statements were not defamation *per se* where the statements included that plaintiff was attempting to deceive and defraud the school system because the statements were a general reflection on plaintiff's character and against him in a personal capacity rather than specifically in his capacity as an officer of a financial firm); *Zysk v. Fidelity Title Ins. Co. of New York*, 790 N.Y.S.2d 135, 136 (N.Y. App. Div. 2d Dep't 2005) (affirming grant of dismissal and holding that statements of "you ought to be ashamed of yourself," "you are disgraceful," and "you are disgusting" did not harm the plaintiff's professional reputation); *see also Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,* 813 F. Supp. 2d 489, 550-51 (S.D.N.Y. 2011) (finding no tendency to injure plaintiff in her trade, business or profession based on statements that she treated employees like garbage, fired an employee because he is gay, hates homosexuals, and was a loose cannon because such statements do not suggest a general unfitness, incapacity, or inability to perform her duties as owner of the company).

None of the defamation *per se* factors is present, and this claim should be dismissed.

### III.   Conclusion

For the foregoing reasons, the FAC should be dismissed in its entirety. And because Plaintiff has already been granted leave to amend and failed to cure the fatal defects, dismissal should be with prejudice.

Dated: October 19, 2020								Respectfully submitted,


										By:	/s/ Blaine C. Kimrey
											Blaine C. Kimrey (*pro hac vice*)
											Bryan K. Clark (*pro hac vice*)
											Vedder Price P.C.
											222 N. LaSalle Street
											Chicago, IL 60601
											T: (312) 609 7500
											F: (312) 609 5005
											bkimrey@vedderprice.com
											bclark@vedderprice.com

											Joshua A. Dunn
											Vedder Price P.C.
											1633 Broadway
											New York, NY 10019
											T: (212) 407 7700
											F: (212) 407 7799
											jdunn@vedderprice.com