UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
NICHOLAS J. DEIULIIS,

             Plaintiff,

     - against -

JORDAN ENGEL, Individually and d/b/a The
Decolonial Atlas, GOOD WORLDWIDE INC.,
and LEO SHVEDSKY,

             Defendants.
------------------------------------------------------------ x

1:20-CV-03252-NRB

**ORAL ARGUMENT REQUESTED**


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JORDAN ENGEL'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP

Robert D. Balin
Adam I. Rich
1251 Avenue of the Americas
21st Floor
New York, New York 10020
Tel:  (212) 489-8230
Email:   robertbalin@dwt.com
          adamrich@dwt.com

*Attorneys for Defendant Jordan Engel,
individually and d/b/a The Decolonial Atlas*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

I. A RULE 12(b)(6) DISMISSAL MOTION CAN BE GRANTED ON THE GROUND OF SUBSTANTIAL TRUTH WHEN A PLAINTIFF ADMITS THE TRUTH OF THE CHALLENGED STATEMENT IN HIS OWN COMPLAINT. ............. 3

II. THE OTHER STATEMENTS ABOUT PLAINTIFF ARE PROTECTED OPINION ............................................................................................................................... 6

III. PLAINTIFF CANNOT MAINTAIN A SEPARATE CLAIM FOR FALSE LIGHT ..................................................................................................................................... 6

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abdellatif v. Alza Wrae Indus. Co.*,
   No. 18-cv-2297, 2019 WL 1284689 (E.D. Pa. Mar. 20, 2019) ................................................. 2

*Anyanwu v. Columbia Broad. Sys., Inc.*,
   887 F. Supp. 690 (S.D.N.Y. 1995) ........................................................................................... 6

*Berwick v. New World Network Int'l, Ltd.*,
   No. 06 Civ. 2641(JGK), 2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ..................................... 7

*Biro v. Condé Nast*,
   883 F. Supp. 2d 441 (S.D.N.Y. 2012) .................................................................................. 2, 3

*Boyd v. Nationwide Mut. Ins. Co.*,
   208 F.3d 406 (2d Cir. 2000) ...................................................................................................... 7

*Chao v. Mount Sinai Hosp.*,
   No. 10 CV 2869(HB), 2010 WL 5222118 (S.D.N.Y. Dec. 17, 2010), *aff'd*,
   476 F. App'x 892 (2d Cir. 2012) ......................................................................................... 3, 6

*Chung v. Better Health Plan*,
   No. 96 CIV. 7310(JGK), 1997 WL 379706 (S.D.N.Y. July 9, 1997) ....................................... 2

*Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs.*,
   288 F.R.D. 340 (D.N.J. 2012) ................................................................................................... 3

*Contemporary Mission, Inc. v. N.Y. Times Co.*,
   665 F. Supp. 248 (S.D.N.Y. 1987), *aff'd*, 842 F.2d 612 (2d Cir. 1988) ................................... 2

*Emekekwue v. Offor*,
   26 F.Supp.3d 348 (M.D. Penn. 2014) ...................................................................................... 6

*Gertz v. Robert Welch, Inc.*,
   418 U.S.323 (1974) ................................................................................................................... 7

*Graboff v. Colleran Firm*,
   744 F.3d 128 (3d Cir. 2014) ...................................................................................................... 7

*Jewell v. NYP Holdings, Inc.*,
   23 F. Supp. 2d 348 (S.D.N.Y. 1998) ........................................................................................ 2

*McDowell v. Paiewonsky*,
   769 F.2d 942 (3d Cir. 1985) ...................................................................................................... 4

*Milkovich v. Lorain Journal Co.*,
 497 U.S. 1 (1990) ................................................................................................................2

*Nyitray v. Johnson*,
 No. 96 CIV. 6150(MBM), 1998 WL 67651 (S.D.N.Y. Feb. 19, 1998) ....................................8

*Pedraglio Loli v. Citibank Inc.*,
 173 F.3d 845 (2d Cir. 1999) ................................................................................................3

*Redco Corp. v. CBS, Inc.*,
 758 F.2d 970 (3d Cir. 1985) ................................................................................................6

*St.Amant v. Thompson*,
 390 U.S. 727 (1968) ............................................................................................................7

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
 864 F.3d 236 (2d Cir. 2017) ........................................................................................2, 3, 4

**State Cases**

*Guarneri v. Korea News, Inc.*,
 214 A.D.2d 649 (2d Dep't 1995) .........................................................................................6

*Kamalian v. Rader's Digest Ass'n, Inc.*,
 29 A.D.3d 527 (2d Dep't 2006) ...........................................................................................6

*Konrad v. Brown*,
 91 A.D.3d 545 (1st Dep't 2012) ..........................................................................................6

*Kuwait & Gulf Link Transp. Co. v. Doe*,
 216 A.3d 1074 (Pa. Super. 2019) ........................................................................................4

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................2, 3

**Constitutional Provisions**

U.S. Const. amend. I .............................................................................................................2, 4

Defendant Jordan Engel ("Engel"), d/b/a The Decolonial Atlas, respectfully submits this reply memorandum of law in further support of his motion to dismiss the Amended Complaint ("Am. Compl.") of Plaintiff Nicholas DeIuliis ("Plaintiff").

**PRELIMINARY STATEMENT**

Plaintiff's opposition to Engel's dismissal motion offers little in the way of counterargument. Plaintiff fails to even acknowledge – much less distinguish – *any* of the cases cited in Engel's brief. Instead, he mainly doubles down on his bizarre contention that he was wrongly identified by Engel as the head of CONSOL Energy ("CONSOL") – even though Plaintiff *admits in his own Complaint* that he was the head of that company. *See* Am. Compl. ¶ 22. If nothing else, Plaintiff's bare-bones response to Engel's motion leaves little doubt that this is nothing more than a meritless harassment suit designed to suppress First Amendment-protected expression. It should be promptly dismissed.

*First*, Plaintiff's defamation claim fails as a matter of law because it is substantially true that Plaintiff was the head of CONSOL. While Plaintiff's brief completely ignores the facts, he does not dispute that he worked for 25 years in a variety of senior management positions at CONSOL, and he admits in his Amended Complaint that he was CONSOL's president from 2011-2017, and CEO from 2014-2017. Am. Compl. ¶ 22; Balin Decl. Ex. A (Executive Bio of Nicholas J. DeIuliis).[1] Thus, in the context of the article at issue, which identified the top executives responsible for worldwide carbon emissions during the period 1988-2015, it was substantially true to associate Plaintiff with CONSOL, regardless of the fact that he started

---

[1] "Balin Decl." refers to the Declaration of Robert D. Balin, which was filed with this motion. Dkt. 54. Plaintiff's admission that he was the president and CEO of CONSOL is also confirmed by a March 21, 2014 CONSOL press release (currently posted on the CNX corporate website) announcing that "Nicholas J. DeIuliis will be Promoted to President and CEO" of CONSOL, and that he was also nominated for election to the Board of Directors of CONSOL. *See* http://investors.cnx.com/news-releases/2014/3-21-2014 (last visited November 28, 2020).

1

working for CNX after that company split off from CONSOL in 2017. *See* Am. Compl. ¶¶ 22, 24, 26-28; Mot. at 6, 19-22.[2] Plaintiff offers no retort to this (nor could he). Instead, he tries to salvage his claims by contending that substantial truth cannot be decided on a 12(b)(6) motion. He is wrong. Federal pleading rules require that, when falsity is an element of a state defamation claim (as it is under applicable New York law as well as under Pennsylvania law), the plaintiff must allege "facts that, if proven, would establish that the defendant's statements were not substantially true." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 247 (2d Cir. 2017). For this reason, courts **routinely** dismiss defamation claims as a matter of law where the pleadings make clear that the challenged statement *is* substantially true. *See id.*; *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 458 (S.D.N.Y. 2012); *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 369 (S.D.N.Y. 1998); *Chung v. Better Health Plan*, No. 96 CIV. 7310(JGK), 1997 WL 379706, at *4 (S.D.N.Y. July 9, 1997); *Abdellatif v. Alza Wrae Indus. Co.*, No. 18-cv-2297, 2019 WL 1284689, at *10 (E.D. Pa. Mar. 20, 2019); Mot. at 18.[3]

*Second*, calling Plaintiff one of the "Top-100 People Killing the Planet," and an "ecocidal planet killer" is classic, nonactionable opinion. *See* Mot. at 12-16. Plaintiff does not dispute that such labels are precisely the kind of "loose, figurative, or hyperbolic language" that is squarely protected by the First Amendment. *See, e.g.*, *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20-21 (1990); Mot. at 12-16. Plaintiff's only counterargument is that these opinions are based on the allegedly "incorrect" fact that Plaintiff was the head of CONSOL. But since it is substantially

---

[2] "Mot." refers to Engel's opening Memorandum of Law. Dkt. 51.

[3] In addition to these cases, Engel's opening memorandum of law also cited *Contemporary Mission, Inc. v. N.Y. Times Co.*, 665 F. Supp. 248 (S.D.N.Y. 1987), aff'd, 842 F.2d 612 (2d Cir. 1988), but inclusion of that case was an error because it was decided on a motion for summary judgment, not a Rule 12(b)(6) dismissal motion. *See* Mot. at 18 n.14.

true that Plaintiff was the head of CONSOL, Engel's opinions based upon that disclosed fact cannot give rise to liability. *See, e.g.*, *Biro*, 883 F. Supp. 2d at 461; Mot. at 16.

*Third*, Plaintiff cannot save his defective defamation claim simply by recasting it as one for false light invasion of privacy ("false light"). A duplicative tort claim that merely restates a failed defamation claim cannot withstand dismissal, *see, e.g.*, *Chao v. Mount Sinai Hosp.*, No. 10 CV 2869(HB), 2010 WL 5222118, at *11 (S.D.N.Y. Dec. 17, 2010), *aff'd*, 476 F. App'x 892 (2d Cir. 2012), and false light is not even cognizable under applicable New York law, *Pedraglio Loli v. Citibank Inc.*, 173 F.3d 845, 845 (2d Cir. 1999). Once again, Plaintiff completely ignores these arguments, stating without citation to authority that Pennsylvania law should apply. But as Engel explained in his opening brief, even under Pennsylvania law, Plaintiff's false light claim fails because the Amended Complaint does not allege actual malice. Mot. at 23-25.

The motion to dismiss should be granted with prejudice.

## ARGUMENT

**I.  A RULE 12(b)(6) DISMISSAL MOTION CAN BE GRANTED ON THE GROUND OF SUBSTANTIAL TRUTH WHEN A PLAINTIFF ADMITS THE TRUTH OF THE CHALLENGED STATEMENT IN HIS OWN COMPLAINT.**

Plaintiff's defamation claim fails because it is substantially true that Plaintiff led CONSOL.[4]

Plaintiff contends that substantial truth cannot be decided on a Rule 12(b)(6) motion. Opp. at 7. But Plaintiff simply ignores the many cases cited by Engel in which courts have

---

[4] Plaintiff contends that Pennsylvania law applies to his defamation claims, but he ignores the authorities discussed in Engel's opening brief, which make clear that this Court should apply New York law since choice of law is not controlling here. *See* Mot. at 11 (citing *Int'l Bus. Mach. Corp.*, 363 F.3d 137 (2d Cir. 2004)). Moreover, since Plaintiff was required to plausibly allege substantial truth under federal pleading rules, *Tannerite*, 864 F.3d at 247, dismissal is warranted on that basis alone, without even reaching a choice of law analysis. *See, e.g.*, *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs.*, 288 F.R.D. 340, 344 n.5 (D.N.J. 2012) (choice-of-law analysis need not be performed where claims fail to satisfy federal pleading standards).

3

dismissed defamation claims on substantial truth grounds at the pleading stage. Mot. at 18. As the Second Circuit held in *Tannerite*, federal pleading rules require that a defamation plaintiff "plead facts that, if proven, would establish that the defendant's statements were not substantially true." 864 F.3d at 247.[5] Plaintiff's admission that he led CONSOL during the relevant time period ends the substantial truth inquiry.

Plaintiff cites just one case to support his argument that substantial truth must always be a jury question, but that case is easily distinguishable. *See* Opp. at 7 (citing *McDowell v. Paiewonsky*, 769 F.2d 942 (3d Cir. 1985)). In *McDowell*, the defendant appealed a *jury verdict* finding him liable for making defamatory statements about the plaintiff. *Id.* at 945. On appeal, the defendant argued that the jury's verdict should be overturned because the challenged statements were substantially true. *Id.* at 946. The Third Circuit declined to overturn the jury's verdict on this point, finding that the trial testimony provided a reasonable basis for the jury to conclude that the challenged statements were *not* substantially true. *Id.* at 946-47. In contrast, there are no facts to be heard by a jury here since Plaintiff admits the truth of the challenged statement in his own pleading. The Court need not look beyond the four corners of the Amended Complaint to find that the challenged statement is substantially true and should be dismissed. *Tannerite*, 864 F.3d at 247.

Though he does not clearly explain this in his opposition, Plaintiff's argument seems to be that it was false to associate him with CONSOL at the time the Article was published in 2019, because by that time Plaintiff was formally working for a CONSOL off-shoot, CNX. But since

---

[5] This is true because falsity is an element of a defamation claim under New York law. *Tannerite*, 864 F.3d at 247. The same is true under Pennsylvania law. *See, e.g.*, *Kuwait & Gulf Link Transp. Co. v. Doe*, 216 A.3d 1074, 1087 (Pa. Super. 2019) ("If the statement in question bears on a matter of public concern, or the defendant is a member of the media, First Amendment concerns compel the plaintiff to prove, as an additional element, that the alleged defamatory statement is in fact false.") (citing *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986)).

4

the Article explicitly seeks to hold individual CEOs accountable for their companies' *past* carbon emissions during the period 1988-2015, Plaintiff's temporal distinction is insufficient to prevent dismissal on the ground of substantial truth.  *See* Mot. at 19-22 (citing *Guccione v. Hustler Magazine, Inc.*, 800 F.3d 298 (2d Cir.1986) (substantially true to state that plaintiff had been simultaneously married and living with another woman, even though at the time of publication he was divorced); *Chung*, 1997 WL 379706, at *3-4 (substantially true to state that plaintiff had a sexual harassment claim pending against her employer, even though at the time of publication, plaintiff had only filed an administrative charge with the EEOC); *Hughes v. Hughes*, 19 Cal. Rptr. 3d 247 (Cal. Ct. App. 2004) (substantially true for defendant to state that his father "is" a pimp even though the evidence his father's pimping was in the past)).

      Plaintiff tries to muddy the waters on substantial truth by arguing that since Engel's article was "forward-looking" in nature (*i.e.*, trying to "shame" the energy company executives "identified into making future changes."), this somehow means that identifying Plaintiff as the head of CONSOL was not substantially true.  Opp. at 8.  This argument is not only a red-herring, it also makes no sense.  The stated basis for Engel's opinion that the identified executives should be held accountable was because of their *historic* responsibility for leading companies with the highest levels of carbon missions.  *See* Am. Compl. Ex. A.  As the Article states:

> Just 100 companies are responsible for more than 70% of the world's greenhouse gas emissions ***since 1988***. The guys who run those companies – and they *are* mostly guys – have gotten rich on the backs of literally all life on Earth. Their business model relies on the destruction of the only home humanity has ever known.  Meanwhile, we misdirect our outrage at our neighbors, friends, and family for using plastic straws or not recycling.  If there is anyone who deserves the outrage of all 7.5 billion of us, it's these 100 people right here.

*Id.* (emphasis added).  Therefore, the appropriate context for evaluating substantial truth here is the period reflected in the relevant survey data, 1988-2015.  Since Plaintiff held senior roles at

CONSOL during that period, including as president and CEO, it was substantially true to associate him with CONSOL in this context.[6]

## II.     THE OTHER STATEMENTS ABOUT PLAINTIFF ARE PROTECTED OPINION

Plaintiff does not even try to dispute that calling him one of the "Top-100 People Killing the Planet" or an "ecocidal planet killer" is classic opinion. *See* Mot. at 12-16. Instead, he argues that these opinions are nonetheless actionable because they are based on the allegedly "false" fact that he led CONSOL. Opp. at 9. But a statement of opinion based on disclosed, substantially true facts is non-actionable. *See, e.g.*, *Konrad v. Brown*, 91 A.D.3d 545 (1st Dep't 2012); *Kamalian v. Rader's Digest Ass'n, Inc.*, 29 A.D.3d 527, 528 (2d Dep't 2006); *Guarneri v. Korea News, Inc.*, 214 A.D.2d 649 (2d Dep't 1995); *Emekekwue v. Offor*, 26 F.Supp.3d 348, 364 (M.D. Penn. 2014); *see also Redco Corp. v. CBS, Inc.*, 758 F.2d 970 (3d Cir. 1985) ("If the disclosed facts are true and the opinion is defamatory, a listener may choose to accept or reject it on the basis of an independent evaluation of the facts."). Since it is substantially true that Plaintiff was the head of CONSOL, Engel's opinions based on that fact cannot give rise to liability.

## III.    PLAINTIFF CANNOT MAINTAIN A SEPARATE CLAIM FOR FALSE LIGHT

Finally, Plaintiff's false light claim must also be dismissed. *See* Mot. at 23-24. Courts do not allow plaintiffs to maintain separate tort claims based on the same conduct as a deficient defamation claim. *See, e.g.*, *Chao*, 2010 WL 5222118, at *11; *Anyanwu v. Columbia Broad. Sys., Inc.*, 887 F. Supp. 690, 693-94 (S.D.N.Y. 1995). Here, the facts giving rise to Plaintiff's

---

[6] Plaintiff's brief also discusses "Pennsylvania's principle of defamation by false implication," but he does not specify any particular implication made by the Article, nor explain how this theory of liability might apply here. Opp. at 6-7. To the extent that Plaintiff *is* arguing that Engel is liable for defamation by implication, that argument is unpersuasive for the reasons set forth in Engel's opening brief. *See* Mot. at 22-23.

6

purported false light claim are exactly the same as those alleged under his defamation claim – publication of the challenged article. The false light claim therefore fails as a matter of law for the same reasons as Plaintiff's defective defamation claim.

Plaintiff also presumes that the law of Pennsylvania applies to his false light claim, while ignoring the contrary case law cited by Engel. *See* Mot. at 23 (citing *Berwick v. New World Network Int'l, Ltd.*, No. 06 Civ. 2641(JGK), 2007 WL 949767, at *6 (S.D.N.Y. Mar. 28, 2007)). In *Berwick,* the court found that New York law applied to a false light claim asserted by a Pennsylvania plaintiff. *Id*. Since New York does not recognize the tort of false light, Plaintiff cannot maintain his claim.

But even if this Court decided to apply Pennsylvania law, Plaintiff's false light claim would still fail because he has failed to plead the required element of actual malice. *See Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (plaintiff must show that the defendant published the statement with knowledge or reckless disregard of its falsity). In his brief, Plaintiff concedes that his only allegation regarding fault is that Engel should have done more research. Opp. at 9. But it is well-established that "failure to investigate, without more, cannot establish reckless disregard for the truth." *Gertz v. Robert Welch, Inc.*, 418 U.S.323, 332 (1974); *see also Boyd v. Nationwide Mut. Ins. Co.*, 208 F.3d 406, 408 (2d Cir. 2000) (failure to investigate does not support finding of actual malice).[7]

---

[7] The cases cited by Plaintiff do not save his claim. *See* Opp. at 9. For example, Plaintiff contends that resolution of actual malice often requires discovery. *Id.* (citing *Church of Scientology Int'l v. Behar*, 238 F.3d 168 (2d Cir. 2001)). But that case is inapposite because it did not involve a challenge to the sufficiency of the plaintiff's pleading. Where, as here, a plaintiff's complaint does not even plausibly allege actual malice, the complaint must be dismissed. *See* Mot. at 25 n.19. Plaintiff also completely misconstrues *St.Amant v. Thompson*, 390 U.S. 727 (1968), as standing for the proposition that the media's failure to investigate can give rise to an inference of actual malice. Opp. at 9. But *St. Amant* reached the *exact opposite conclusion*, holding that, "[f]ailure to investigate does not in itself establish bad faith." 390 U.S. at 733. Since Plaintiff has only alleged a failure to investigate without more, he has failed to plead actual malice.

7

Plaintiff also suggests that Engel acted with actual malice by continuing to include Plaintiff's name in the Article, even after Engel published an update in September 2019 noting that the CEO of CONSOL had changed.  Opp. at 9; *see* Am. Compl. Ex. A.  But this does not evidence actual malice; to the contrary, it shows that Engel did *not* have any subjective belief that it was false to associate Plaintiff with CONSOL in the context of historic carbon emissions because that fact is substantially true.  *See, e.g. Nyitray v. Johnson*, No. 96 CIV. 6150(MBM), 1998 WL 67651, at *9 (S.D.N.Y. Feb. 19, 1998) (finding no actual malice where the challenged statements were substantially true).  The false light claim fails.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety, with prejudice.

Dated:  New York, NY
        November 30, 2020

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLC

By: */s/ Robert D. Balin*
    Robert D. Balin
    Adam I. Rich

1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Email:   robertbalin@dwt.com
         adamrich@dwt.com

*Attorneys for Defendant Jordan Engel, individually and d/b/a The Decolonial Atlas*