UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS J. DEIULIIS, | |
| Plaintiff, | Case No. 20-cv-03252-NRB |
| -against- | |
| JORDAN ENGEL, *et al.*, | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

## REPLY IN SUPPORT OF DEFENDANTS GOOD WORLDWIDE, INC. AND LEO SHVEDSKY'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

**Page**

I.   GWI and Shvedsky incorporate by reference the arguments in the Engel Reply, which support dismissal of Plaintiff's defamation and false light claims against GWI and Shvedsky ...................................................................................................... 2

II.  Plaintiff's claims should be dismissed because he has failed to plead actual malice ....... 3

III. The claim for defamation *per se* also fails because Plaintiff has not pled any statement that constitutes defamation *per se* ...................................................................... 6

IV.  Conclusion ...................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdellatif v. Alza Wrae Industrial Company*,
   2019 WL 1284689 (E.D. Pa. March 20, 2019) ..........................................................................2

*Bell v. Sullivan*,
   2017 WL 5518005 (E.D. Pa. Nov. 16, 2017) ............................................................................2

*Biro v. Conde Nast*,
   807 F.3d 541 (2d Cir. 2015) .....................................................................................................5

*Biro v. Condé Nast*,
   883 F. Supp. 2d 441 (S.D.N.Y. 2012) ......................................................................................2

*Blessinger v. City of New York*,
   2017 WL 3841873 (S.D.N.Y. Sept. 1, 2017) .......................................................................1, 4

*Cabello-Rondón v. Dow Jones & Company, Inc.*,
   2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017) ..........................................................................5

*Church of Scientology International v. Behar*,
   238 F.3d 168 (2d Cir. 2001) .....................................................................................................5

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ..................................................................................................................5

*In re Jumei International Holding Limited Securities Litigation*,
   2017 WL 95176 (S.D.N.Y. Jan. 10, 2017) ...........................................................................1, 4

*Kalimantano GmbH v. Motion in Time, Inc.*,
   939 F. Supp. 2d 392 (S.D.N.Y. 2013) ......................................................................................6

*Pace v. Baker-White*,
   432 F. Supp. 3d 495 (E.D. Pa. 2020) .......................................................................................5

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
   813 F. Supp. 2d 489 (S.D.N.Y. 2011) ......................................................................................7

*Rufah v. Schwartz*,
   858 N.Y.S.2d 194 (N.Y. App. Div. 2d Dep't 2008) ................................................................7

*St. Amant v. Thompson*,
   390 U.S. 727 (1968) ..................................................................................................................4

*Synygy, Inc. v. Scott-Levin, Inc.*,
  51 F. Supp. 2d 570 (E.D. Pa. 1999) ....................................................................6, 7

*Tannerite Sports, LLC v. NBCUniversal News Grp.*,
  864 F.3d 236 (2d Cir. 2017).................................................................................2

*Van-Go Transp. Co., Inc. v. N.Y.C. Bd. of Educ.*,
  971 F. Supp. 90 (E.D.N.Y. 1997) ........................................................................6

*Zysk v. Fidelity Title Ins. Co. of New York*,
  790 N.Y.S.2d 135 (N.Y. App. Div. 2d Dep't 2005) .............................................7

**Statutes**

Federal Rules of Civil Procedure 12(b)(6)..............................................................2, 5

The Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 57, the "Response") is a half-hearted effort by plaintiff Nicholas DeIuliis to avoid dismissal of his First Amended Complaint (ECF No. 45, the "FAC").  The Response to the dismissal motions filed by defendant Jordan Engel (ECF No. 50) and defendants Good Worldwide, Inc. ("GWI") and Leo Shvedsky (ECF No. 54, the "Motion") fails to distinguish any of the cases cited by the defendants in their briefs.  Most notably, the Response does not address in any way GWI and Shvedsky's argument that Plaintiff is a public figure who must plead actual malice, meaning that Plaintiff has **conceded** this key point.  *See In re Jumei International Holding Limited Securities Litigation*, 2017 WL 95176, n. 4 (S.D.N.Y. Jan. 10, 2017) (stating that arguments not addressed in opposition brief are conceded); *Blessinger v. City of New York*, 2017 WL 3841873, *3 (S.D.N.Y. Sept. 1, 2017) (same).  As in their Motion, GWI and Shvedsky join the reply brief filed by Engel in support of his motion to dismiss (ECF No. 59, the "Engel Reply") and in the interests of efficiency, incorporate the arguments related to substantial truth and opinion by reference as if fully set forth herein because they apply equally to GWI and Shvedsky.

Moreover, Plaintiff has failed to address the unique arguments raised by GWI and Shvedsky in any meaningful way.  After conceding that Plaintiff is a public figure, the Response provides only a cursory argument for why the FAC sufficiently pleads actual malice, which is inadequate and should be rejected.  And Plaintiff responds to GWI and Shvedsky's detailed explanation about why the FAC fails to plead defamation *per se* with a mere conclusory footnote.

Accordingly, as set forth in the Motion, the Engel Reply, and below, the FAC should be dismissed.[1]

---

[1] As set forth in greater detail in the Engel Reply (n. 4), Plaintiff's cursory analysis of the applicable law is inadequate.  (Response, p. 5).  New York law should apply to Plaintiff's claims.  Regardless, dismissal is appropriate under both New York and Pennsylvania law.

I. **GWI and Shvedsky incorporate by reference the arguments in the Engel Reply, which support dismissal of Plaintiff's defamation and false light claims against GWI and Shvedsky.**

As set forth in the Motion, the arguments relating to substantial truth, opinion, and false light set forth in the Engel Reply apply with equal force to GWI and Shvedsky.  Accordingly, GWI and Shvedsky adopt and incorporate those arguments.  (Engel Reply, pp. 3-8).

First, Plaintiff's defamation claims fail because it is substantially true that Plaintiff led CONSOL Energy ("CONSOL").  Plaintiff's primary argument is that substantial truth cannot be determined at the pleadings stage, but this argument ignores the cases the defendants have already cited indicating that dismissal on this basis is appropriate.  *See* Engel Reply, p. 3; *see also Tannerite Sports, LLC v. NBCUniversal News Grp.,* 864 F.3d 236, 247 (2d Cir. 2017) (affirming dismissal of defamation claim at pleading stage based on substantial truth); *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 461 (S.D.N.Y. 2012) (granting dismissal of defamation claim at pleadings stage based on substantial truth).[2]  Moreover, the single case cited by Plaintiff in support of his argument that substantial truth must be a question for the jury is easily distinguishable — here, there are no facts to be heard by the jury because Plaintiff has ***admitted*** the truth of the statements at issue in the FAC.  (Engel Reply, p. 4).  The statements at issue seek to hold Plaintiff responsible for his company's past carbon emissions, and it is undisputed that Plaintiff led CONSOL during the time period at issue in the report that formed the basis for these statements.  (Engel Reply, pp. 4-5).  As set forth in the Motion and the Engel Reply, numerous courts have held that temporal distinction is insufficient to avoid dismissal based on substantial truth.  (Engel Reply, p. 5).  And Plaintiff's argument (citing no authority) that substantial truth is overcome by the "forward-looking" nature

---

[2] To the extent the Court believes it may be relevant, courts in the Third Circuit have done the same.  *See, e.g., Abdellatif v. Alza Wrae Industrial Company*, 2019 WL 1284689, *10 (E.D. Pa. March 20, 2019) (granting dismissal of defamation claim at Rule 12(b)(6) stage based on substantial truth); *Bell v. Sullivan*, 2017 WL 5518005, *8 (E.D. Pa. Nov. 16, 2017) (same).

of the articles also fails because the statements are based on Plaintiff's historic responsibility for carbon emissions.  (Engel Reply, p. 5).  Thus, Plaintiff's claims related to the statements about his leadership of CONSOL should be barred by the substantial truth doctrine.

Plaintiff does not even attempt to dispute that the remaining statements he challenges are classic opinion statements exempt from a defamation claim.  (Engel Reply, p. 6).  His only argument is that the opinions are actionable because the opinions are based on the inaccurate factual assertion that he leads CONSOL.  (Response, p. 9).  But as set forth above, the statement about Plaintiff's leadership of CONSOL is substantially true, thus opinions based on that fact are not actionable.  (Engel Reply, p. 6).  Accordingly, the remaining statements should be dismissed under the opinion doctrine.

Finally, Plaintiff's false light claim should be dismissed.  As an initial matter, Plaintiff's false light claim is barred under New York law.  (Engel Reply, pp. 6-7).  But even if the Court were to apply Pennsylvania law, the Court should dismiss the false light claim because Plaintiff must plead actual malice, and, as set forth in the Engel Reply and below, *infra* Section II, he has not done so.  (Engel Reply, pp. 7-8).

## II. Plaintiff's claims should be dismissed because he has failed to plead actual malice.

The adequacy of actual malice allegations is relevant in defamation claims involving public figures, and actual malice also must be pled for a false light claim to survive under Pennsylvania law.[3]  In the Motion, GWI and Shvedsky explained in detail why Plaintiff is a public figure and must plead actual malice in connection with this defamation claims.  (Motion, pp. 5-7).  The Response makes no effort whatsoever to dispute Plaintiff's status as a public figure, thereby

---

[3] As set forth in the Motion, New York law should apply to Plaintiff's false light claim because New York law applies and New York does not recognize a tort of false light invasion of privacy. (Motion, pp. 4-5).  However, Plaintiff's false light claim also fails under Pennsylvania law.

conceding that argument.  *See Jumei International Holding*, 2017 WL 95176 at n. 4 (S.D.N.Y. Jan. 10, 2017); *Blessinger*, 2017 WL 3841873 at *3.  Thus, there is no debate that Plaintiff is a public figure and must plead actual malice for his defamation claims to survive dismissal.  He also must plead actual malice to state a false light claim under Pennsylvania law.

The Response devotes only a paragraph to arguing that Plaintiff has adequately pled actual malice, and Plaintiff makes no effort to rebut or distinguish ***any*** of the authority cited by GWI and Shvedsky in the Motion.  (Response, p. 9).  Ironically, in responding to an argument that the actual malice allegations in the FAC are threadbare and conclusory, Plaintiff provides another conclusory argument, referring vaguely to Paragraphs 74 and 75 of the FAC, which relate only to Engel, not GWI or Shvedsky.  Plaintiff attempts to paraphrase the Supreme Court's holding in *St. Amant v. Thompson,* 390 U.S. 727, 732 (1968), to state that "[r]eliance on anonymous or unreliable sources without further investigation may support an inference of actual malice."  (Response, p. 9).  But *St. Amant* lays out a series of allegations that would support a finding of actual malice, none of which is present here:

> Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation.

390 U.S. at 732.  The FAC does not allege that the statements at issue were fabricated, made up, based on an anonymous phone call, or so improbable that they should not have been published.  In fact, given that Plaintiff ***was*** the President and CEO of Consol at the time the Carbon Majors Report was released, the report was quite probable — particularly for GWI and Shvedsky, who were relying on Engel's reporting.  Plaintiff's criticism, reargued in the Response, seems to be that one of the defendants should have "run a Google search."  (Response, p. 9).  But that is not the actual malice standard, and the Supreme Court has expressly stated that "failure to investigate,

4

without more, cannot establish reckless disregard for the truth." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 330 (1974).

*Gertz* was one of several cases cited by GWI and Shvedsky that Plaintiff made no effort to address in the Response.  Other cases cited in the Motion show that it is appropriate for the Court to dismiss a case at the Rule 12(b)(6) stage for failure to plead actual malice.  The Response contains a single citation to *Church of Scientology International v. Behar*, 238 F.3d 168, 173 (2d Cir. 2001), for the proposition that the "actual malice inquir[y] *typically* requires discovery." (Emphasis added).  However, in *Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015), the Second Circuit made clear that "a public-figure plaintiff must plead 'plausible grounds' to infer actual malice by alleging 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' actual malice.'"  In fact, the court specifically rejected the plaintiff's argument that the *Behar* case stood for the proposition that "it is 'impossible' without discovery for a plaintiff to plead facts demonstrating that the claim of actual malice is plausible." *Id.* at 545.  Thus, the Second Circuit has already rejected Plaintiff's suggestion that actual malice cannot be assessed without discovery. *Id.* at 446 (holding that to the extent plaintiff is arguing for "permitting an implausible claim to proceed to discovery, we think *Twombly* rejected this approach. . . . 'It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process.'"); *see also Cabello-Rondón v. Dow Jones & Company, Inc.*, 2017 WL 3531551, *7 (S.D.N.Y. Aug. 16, 2017) (granting motion to dismiss where plaintiff failed to plead "either knowledge of falsity or reckless disregard of the truth"); *Pace v. Baker-White*, 432 F. Supp. 3d 495, 514 (E.D. Pa. 2020) ("Adequately pleading actual malice is an onerous task . . . [a]nd it is one that regularly results in early dismissal of an action.").

The FAC pleads no facts to plausibly suggest that GWI or Shvedsky acted with actual malice in publishing the statements at issue, and Plaintiff's conclusory recitation of the elements

of actual malice are clearly inadequate.  Accordingly, all of Plaintiff's claims fail for failure to plead the requisite degree of fault.

### III.    The claim for defamation *per se* also fails because Plaintiff has not pled any statement that constitutes defamation *per se*.

The Response remarkably has even less to say about GWI and Shvedsky's argument that Plaintiff has not pled a statement that constitutes defamation *per se*.  Plaintiff's entire argument is reduced to a footnote in which Plaintiff sets forth the elements of defamation *per se* and states, without any analysis or supporting case law, that "Defendants' statements have alleged Mr. DeIuliis is involved with business misconduct by being a polluter and person who is 'killing the planet.'"  (Response, n. 2).[4]  Although it is by no means clear from Plaintiff's cursory argument, Plaintiff seems to acknowledge (as he must) that the only way the statements at issue would be defamation *per se* is if they constitute allegations of "business misconduct."  But as discussed at length in the Motion, Plaintiff must do more than simply say the magic words "business misconduct" — he must allege a statement that "imputes some form of fraud or misconduct or a general unfitness, incapacity, or inability to perform one's duties."  *Van-Go Transp. Co., Inc. v. N.Y.C. Bd. of Educ.*, 971 F. Supp. 90, 98 (E.D.N.Y. 1997).

Nothing about the statements at issue in this case suggest fraud, misconduct, unfitness, or inability to perform Plaintiff's duties.  The statements at issue certainly criticize Plaintiff and question his decisions with respect to pollution, but they do not suggest that he is unfit or unable to carry out his business.  As the case cited by Plaintiff says, a statement alleged to be defamatory *per se* "must be more than mere general disparagement. . . .  A statement which is simply an

---

[4] Plaintiff again relies on Pennsylvania law when New York law should govern, but the standard is the same and GWI and Shvedsky prevail under the law of either state.  *Compare Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999) (applying Pennsylvania law) *with Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 419 (S.D.N.Y. 2013) (applying New York law).

expression of a negative opinion is not defamatory." *Synygy, Inc.*, 51 F. Supp. 2d at 580. That Plaintiff may disagree with the statement or find it unflattering does not mean it is defamatory *per se*. For example, courts have found allegations inadequate to constitute defamation *per se* when the statements indicated that the plaintiff was attempting to deceive and defraud the school system, *Rufah v. Schwartz*, 858 N.Y.S.2d 194, 196 (N.Y. App. Div. 2d Dep't 2008), that the plaintiff treated employees like garbage, fired an employee because he is gay, hates homosexuals, and was a loose cannon, *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,* 813 F. Supp. 2d 489, 550-51 (S.D.N.Y. 2011), or that "[the plaintiff] ought to be ashamed of yourself," "you are disgraceful," and "you are disgusting." *Zysk v. Fidelity Title Ins. Co. of New York*, 790 N.Y.S.2d 135, 136 (N.Y. App. Div. 2d Dep't 2005). Plaintiff's Response makes no effort to distinguish any of these cases, nor does he cite a single case to the contrary. Accordingly, none of the defamation *per se* factors is present and this claim should be dismissed with prejudice.

## IV.   Conclusion

For the foregoing reasons, the FAC should be dismissed in its entirety, with prejudice.

Dated: November 30, 2020                    Respectfully submitted,


By:    /s/ Blaine C. Kimrey
          Blaine C. Kimrey (*pro hac vice*)
          Bryan K. Clark (*pro hac vice*)
          Vedder Price P.C.
          222 N. LaSalle Street
          Chicago, IL 60601
          T: (312) 609 7500
          F: (312) 609 5005
          bkimrey@vedderprice.com
          bclark@vedderprice.com

          Joshua A. Dunn
          Vedder Price P.C.
          1633 Broadway
          New York, NY 10019
          T: (212) 407 7700
          F: (212) 407 7799
          jdunn@vedderprice.com